UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

MAXINE WEBB,
            Appellant,

    v.

LOIS BRADY, MARTHA BRONITSKY,
            Appellees.
_____/

No. C 06-00188 MHP

**MEMORANDUM & ORDER**
**Re: Bankruptcy Appeal**

On January 11, 2006 Maxine Webb ("appellant") appealed certain decisions made by the United States Bankruptcy Court ("Bankruptcy Court") of the Northern District of California on December 12, 2005 in favor of Lois I. Brady ("appellee"), the chapter 7 trustee in her bankruptcy case. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

On February 13, 2003 appellant filed a chapter 7 bankruptcy petition. She received a discharge and the case was closed on May 30, 2003. Fees Opinion, slip op. 1–2. Appellant did not disclose, however, that she was litigating a claim against South Shore Beach and Tennis Club ("South Shore Claim"). This claim was not listed on appellant's schedule of assets and when her

United States District Court
For the Northern District of California

creditors asked if she was pursuing any litigation claims, she "lied under oath" and said no. South Shore Opinion, slip op. at 2; Appellant's Reply Exh. 1, May 22, 2007.

Appellee, the trustee in the chapter 7 bankruptcy proceeding, learned of the litigation from the defendant in the South Shore Claim, and requested that the original bankruptcy case be re-opened. South Shore Opinion, slip op. at 2. Before this happened, and while the case was still closed, appellant unsuccessfully tried to file an amendment to her list of exemptions to include, and exempt, the South Shore Claim. Id.; Appellee's Opp. at 2–3. On January 9, 2004 appellee's request was granted and the case was re-opened. On March 30, 2004 appellee filed a motion indicating her intent to settle the South Shore Claim for $10,000. A week later, on April 6, 2004, appellant moved to convert her case to chapter 13, setting aside the prior chapter 7 discharge. South Shore Opinion, slip op. at 2. On April 17, 2004 appellee filed an objection to appellant's unsuccessful attempt to amend her schedules and exempt the South Shore Claim. Appellant's motion to convert to chapter 13 was granted on April 12, 2004. Id.

On April 22, 2004 appellant also successfully filed her amended schedule, in which she claimed the South Shore Claim as exempt. On June 15, 2004, appellee filed a second objection to appellant's amendment. Id. at 3.

Two weeks prior, on April 26, 2004, the United States Trustee moved to have appellant's case reconverted to chapter 7. This motion was granted on December 1, 2004, following an evidentiary hearing in which the court found appellant was not eligible for chapter 13 status, and the case was reconverted to chapter 7.

Appellant then filed a series of motions to compel abandonment of the South Shore Claim as being burdensome on the estate and insubstantial, all of which met with various technical problems. When appellant first filed the motion, the settlement agreement she had brokered for $10,000 had fallen through. However, this first filing on August 11, 2005 did not include the filing fee and proper notice was not given to her creditors. On September 7, 2005 appellant made her second filing, one that listed the hearing date for a day that had already passed. Appellant's amended notice, filed on September 16, 2005, was also unsuccessful because appellant failed to schedule a hearing for the dated noted. Additionally, her filing fee was not paid until October 18, 2005, at which time the circumstances of the claim had changed. South Shore Opinion, slip op. at 10–11. By

2

mid-October, the trustee had brokered a $20,000 settlement agreement, double the appellant's original amount. Appellee argued that this was a substantial benefit for the estate, as roughly $34,000 in proofs of claims filed against the estate and about $3,000 had been accrued in administrative fees and was not burdensome. Id. at 4. In addition to this, appellant filed (1) an objection to appellee's motion to settle the claim, (2) an objection to the appellee's objection regarding the exemption of the South Shore Claim, and (3) a reply to appellee's objection regarding the abandonment of the south shore claim.

A hearing was held on November 10, 2005 and the Bankruptcy Court issued two orders on December 12, 2005 covering all of these issues. The first order granted the appellee administrative fees incurred prior to the chapter 13 conversion pursuant to 11 U.S.C. section 1326(a)(2). The second order (1) disallowed appellant's claim of exemption for her lawsuit, (2) approved the trustee's compromise of the controversy for $20,000, and (3) denied appellant's re-noticed motion to compel abandonment of the South Shore Claim.

LEGAL STANDARD

This court has jurisdiction to hear appeals from the final judgments of the United States Bankruptcy Court for the Northern District of California per 28 U.S.C. section 158(c)(1). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. See Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir. 1995). A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a definite conviction that a mistake has been made. Beauchamp v. Hoose (In re Beauchamp), 236 B.R. 727, 729 (B.A.P. 9th Cir. 1999). Findings of fact based on credibility are given particular deference by reviewing courts. Id. at 730. Mixed questions of fact and law are reviewed de novo. Id.

DISCUSSION

Appellant has filed three separate motions appealing the Bankruptcy Court's determination that (1) appellant cannot exempt the South Shore Claim from her estate, (2) appellee was entitled to $45.00 in administrative expenses and (3) appellee's settlement of the South Shore Claim for

$20,000 was in the best interest of the estate. All three issues will be covered in the present motion and each will be addressed in turn.

### I.  Inability to Exempt Lawsuit from Estate

Appellant levels two major allegations against the Bankruptcy Court in the context of its decision not to allow her to exempt the South Shore Claim from her estate. First, she argues that the Bankruptcy Court manipulated the docket and abused its discretion to find that appellee filed her objection in a timely manner. Second, she argues that she properly amended her filings so as to include her suit against the South Shore Beach and Tennis Club, and therefore it should be excluded from the bankruptcy proceedings.

First, appellant argues that "appellee and all of the judicial officers of the court including [the judge] are directly involved in this simple worthless chapter 7 petition comes [sic] with unclean hands based on the tampering of Docket no. [sic] 16." Appellant's Mot. (Exemption) at 3, March 27, 2007. In making this argument, appellant offers no actual evidence of docket-tampering. Instead, she includes a printed copy of the docket and points to the dates accompanying Docket No. 16, her Statement of Financial Affairs and Amended Schedules B and C. This entry notes these documents were filed on August 12, 2003 and entered on January 20, 2004. App. Desg. 4. This information alone, however, does not make appellant's claim meritorious.

In short, appellant's tampering accusation is the result of an incorrect reading of the overly-simplified docket. Instead of fulminating about the use of malice and mischief on the part of "all judicial officers," appellant would be advised to re-read the opinion of the Bankruptcy Court. As the court notes in one of the two orders issued on this matter, the original claim in this action was closed on May 30, 2003, as docket states in entry No. 11. App. Desg. 4. Thus, while appellant may have submitted her amendment to the court on August 12, 2003 — and it therefore might bear a "filed" stamp — the document was not effectively filed at that time. Fees Opinion, slip op. at 6. The suit itself was not re-opened until January 9, 2004. App. Desg. 4, Docket No. 19. After the case was reopened, the case file then reflected — on January 20, 2004 — appellant's incomplete filing of the schedule amendment. Simply because an item is reflected on the docket, or because it was not returned to appellant, does not mean that the motion was properly filed. As the docket also reflects,

4

appellant did not actually file the Amended Schedules properly until April 22, 2004.  App. Desg. 4, Docket No. 37.  As the Bankruptcy Court further notes, appellee filed a premature objection of appellant's incorrectly filed Amended Schedule in April 2004, but this was after the case had been reopened.

This court upholds the Bankruptcy Court's reading of Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, finding that the rule "does not require the objection to be filed *after* the amendment is filed. Thus, the [appellee's] premature objection to the [appellant's] amended Schedule C was timely in accordance with Rule 4003(b)." Fees Opinion, slip op. at 9 (emphasis in the original).  Appellant attempts to argue that this reading of Rule 4003(b) is an abuse of discretion and that appellee's objection was untimely.  In the present action the Bankruptcy Court acted well within its purview when it interpreted Rule 4003(b).

Beyond the Bankruptcy Court's interpretation of the rule, the Ninth Circuit has held that the thirty-day objection time only begins after the creditors and trustee have received sufficient and clear notice.  Preblich v. Battley, 181 F.3d 1048, 1052 (9th Cir. 1997).  An improperly filed motion does not satisfy this burden, as otherwise Rule 4003(b) would require trustees to file motions following everything and anything filed by the debtor — even frivolous or improper motions.  In the present action the trustee was not required to file an objection following appellant's August 2003 improper motion.  That said, simply because she was not required to file an objection within thirty days of August 12, 2003 does not mean any later objections she filed should be automatically invalid.  This court sees no purpose in penalizing the appellee for anticipating a motion and filing an early objection to it.  As such, the Bankruptcy Court's holding on this issue stands and appellee's objection is deemed timely.

Second, appellant urges the court to reverse the Bankruptcy Court and find that the South Shore Claim can be exempt from her estate.  As 11 U.S.C. section 522(g) and the case In re Glass, 60 F.3d 565 (9th Cir. 1995), make clear, property that was hidden by the debtor cannot be exempted from inclusion in the estate.  In the present case, the Bankruptcy Court found that appellant initially concealed the South Shore Claim and then lied under oath.  The claim was only discovered much later by the trustee.  Findings of fact are given particular deference by the appeals court.  In re Beauchamp, 236 B.R. at 729.  Here, as in Glass, when "a debtor knowingly conceals a prepetition

5

transfer or an interest in property. . .the debtor is not entitled to claim an exemption under § 522(g)(1)." 60 F.3d at 567. The Bankruptcy Court's finding on this matter is upheld, and the appellee's objection is sustained. Appellant is not entitled to exempt the South Shore Claim from the bankruptcy proceedings.

II.   Administrative Expenses

Appellant also argues that the appellee should not have been able to withhold $45.00 in administrative fees. Instead, all the money should have been returned to the appellant and none re-issued to the appellee.

The code is clear on this point, and the appellee is entitled to the $45.00 in administrative fees incurred during her time as the chapter 7 trustee. The relevant portion 11 U.S.C. § 1326, section (a)(2), reads, "If a plan is not confirmed, the trustee shall return any such payment to the debtor after deducting any unpaid claim allowed under section 503(b). . . ." Section 503(b)(1)(A) states: "After notice and a hearing, there shall be allowed, administrative expenses. . . including the actual, necessary costs and expenses of preserving the estate. . . ." The Bankruptcy Court relied upon this language and came to the conclusion that administrative fees incurred during the appellee's time as the chapter 7 trustee qualify under this statute.

Appellant argues that appellee is not entitled to any money from the unconfirmed chapter 13 plan, and also accuses the Bankruptcy Court of being "highly racist, and almost threatening" in its December 12, 2005 opinion. Appellant's Mot. (Expenses) at 4. First, the Bankruptcy Court agreed with appellant on the issue of the Chapter 13 administrative costs, and explicitly held "the Chapter 7 Trustee is not entitled to deduct from the Payments her fees and expenses incurred during the chapter 13 phase of the case." Fees Opinion, slip op. at 6. In fact, the thrust of the Bankruptcy Court's opinion is a carefully-worded and well-reasoned evaluation of which administrative expenses are covered under 11 U.S.C. section 1326(a)(2). The court limited the amount of money that the trustee was seeking so it was not to exceed $48.52, a number markedly lower than the $5,508.52 originally sought. Id. at 3. Further, the trustee did not seek the entire $48.52, instead withholding $45.00. This withholding of funds is allowed by law, as the trustee is not required to immediately return the funds to the debtor under this statute and can disperse fees that are owed.

6

E.g., In re Witte, 279 B.R. 585, 587–88 (Bankr. E.D. Cal. 2002).  While appellant argues that the trustee "gets a government salary" and that "is where she should have sought recovery," this argument holds no legal weight and is made irrelevant by the clear language of the statute. Appellant's Mot. (Administrative Expenses) at 6.

Second, there is not a shred of evidence to indicate that the Bankruptcy Court's opinion is, in any way, racist or threatening.  Appellant states the Bankruptcy Court should have realized she would use "every legal avenue available to her."  Id. at 4.  Unfortunately, this seems to include defamatory statements and unsubstantiated allegations of prejudice.  The Bankruptcy Court pointed out flaws in both parties' arguments, and the opinion is even-handed, relying on precedent and statutes.  See Fees Opinion, slip op. at 3–4.  Although the appellant attempts to clarify these allegations in her reply brief, no substantial evidence is offered.  Appellant's contention that the court was biased because (1) the judge denied her request that she recuse herself and (2) the judge placed appellant's case later on the roster, does not substantiate a claim of unfair and prejudicial treatment.  As the appellant herself stated, "the law is not based on assumptions;" similarly, this action will not be determined by baseless suppositions made by the moving party.  Appellant's Mot. (Administrative Expenses) at 4.  Appellee's withholding the $45.00 in administrative fees is upheld.

III.    Approval of Lawsuit Compromise

Appellant argues that the appellee has no right to settle the South Shore Claim.  She claims (1) appellee's objection to the exemption filing was insufficient and the court should have approved her motion under 11 U.C.S. § 552(g), ordering the trustee to abandon the claim as "burdensome" or "inconsequential" to the estate and (2) appellee cannot settle the suit on behalf of appellant's son, Dan Clay Webb, Jr.  Appellant's Mot. (Abandonment) at 8.

First, the court will address the appellant's second allegation focusing on the trustee's alleged settlement of Dan Clay Webb, Jr.'s motion.  The appellee contends that the cause of action for appellant's son was resolved in state court proceedings.  Appellee's Opp. at 3.  However, as appellant rightly points out, no supporting documents are submitted to bolster this claim.  Further, the filings that are presented list "Maxine Webb, Individually and on Behalf of Dan Webb, Jr." as the settling party.  App. Desg. Nos. 8, 26.  The Bankruptcy Court's opinion does not address the

7

interests of appellant's son in its evaluation, nor does it indicate whether or not his claims were actually resolved in state court, as appellee alleges. On this issue alone the court remands for consideration of whether of not Dan Webb, Jr.'s claim was erroneously included in the $20,000 settlement agreement.

If, for the sake of argument, the claim of appellant's son was not included in the settlement, the Bankruptcy Court's decision denying appellant's abandonment motion was proper. First, before beginning that analysis, this court notes that the Bankruptcy Court made an independent evaluation of the South Shore Claim case to determine if the settlement of the claim was in the best interest of the estate. In doing this, it followed the guidelines set forth in In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986). The appellant's motion does not quibble with the Bankruptcy Court's analysis under this standard. Second, also addressed previously, this court affirms the Bankruptcy Court's holding that appellee's objection was timely and that the appellant cannot exempt the South Shore Claim from the estate. This aspect of the case need not be revisited here.

In finally addressing appellant's abandonment claim, the court notes that when she first filed this motion, the settlement agreement she had brokered for $10,000 had fallen through, leaving room for the argument that the South Shore Claim was either insubstantial or a potential burden on the estate. However, this filing on August 11, 2005 — and several successive filings — was unsuccessful. In the first filing appellant did not include the filing fee and proper notice was not given to her creditors; her second filing on September 7, 2005 listed the hearing dating incorrectly (noting a date in August that had already passed); her amended notice on September 16, 2005 was also inaccurate because she failed to schedule a hearing for the dated noted; finally, her filing fee was not actually paid until October 18, 2005, at which time the circumstances of the claim had changed. South Shore Opinion, slip op. at 10–11. By mid-October, the trustee had brokered a $20,000 settlement agreement, double the appellant's original amount, which the Bankruptcy Court rightly found to be neither burdensome nor inconsequential in light of the estimated $34,000 owed by appellant. Accordingly, if the $20,000 settlement does not include Dan Webb, Jr.'s claim, the denial of appellant's motion for abandonment would be proper.

8

The court is concerned about the attitude of the parties that has infected this case. Despite the frustrating nature of the on-going litigation, both parties are advised to file motions supported by more evidence, and less emotion, in the future.

CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decisions disallowing appellant's claim of exemption of the South Shore Claim and granting the withholding of $45.00 in administrative fees are AFFIRMED. The decision regarding the settlement of the South Shore Claim is AFFIRMED in all respects except that it is REMANDED for consideration of the sole issue stated above.

IT IS SO ORDERED.

Dated: September 6, 2007

MARILYN HALL PATEL
United States District Court Judge
Norther District of California

ENDNOTE

1.   All facts cited herein are taken from the complaint, In re Maxine Webb, Ch. 7 Case No. 03-40883 TD (Bankr. N.D. Cal. Dec. 12, 2005) ("Fees Opinion") or In re Maxine Webb, Ch. 7 Case No. 03-40883 TD (Bankr. N.D. Cal. Dec. 12, 2005) ("South Shore Claim Opinion") unless otherwise noted.